IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CECIL TURNER,                                     Civ. No.   07-624-AA

          Plaintiff,                                                      ORDER

     v.

ALLEN TROUTWEIN, the MULTNOMAH
COUNTY PAROLE AND PROBATION,
WASHINGTON COUNTY JAIL, and
ROB GORDON,

          Defendants.
_____

AIKEN, Judge:

     Plaintiff, appearing *pro se,* filed suit alleging false
imprisonment based on his detention in the Washington County jail
for a post-prison supervision violation that allegedly extended
beyond the expiration of his supervision period. After the court
ordered plaintiff to show cause why this action should not be
dismissed for failure to prosecute, plaintiff filed an amended
complaint and claimed to have served defendants with copies of the

1    - ORDER

complaint and summonses.   Defendants Multnomah County and Allen
Troutwein now move for dismissal of plaintiff's Amended Complaint,
arguing that plaintiff fails to state a claim for which relief may
be granted.   The motion is granted.

Plaintiff's amended complaint is identical to the original.
Plaintiff alleges that on or about January 14, 2006, he was
arrested and jailed for assault in Washington County.   On January
16, 2006, he was booked on a post-prison supervision violation,
with allegedly fifty days remaining on his original sentence.   In
May 2006, while still jailed, plaintiff wrote his parole officer,
defendant Troutwein, and asked him to remove the post-prison
supervision hold as his sentence had expired.   Plaintiff alleges
that "[i]nstead of doing what the law required, [Troutwein] ch[o]se
to fabricate a report falsely stating that Washington county jail
had not held plaintiff on the Post-Prison Supervision violation
warrant until 5/16/06 and asking that plaintiff be held an
additional 50 days thereby farther [sic] violating plaintiff's
rights by continuing supervision far beyond the expiration of the
sentence." Amended Complaint, p. 1.  Plaintiff claims that because
of Troutwein's false report, he was not allowed to post bail and
was falsely imprisoned.

I agree with defendants that plaintiff's complaint is
deficient in several respects.   To file suit in federal court,
plaintiff must allege either that the parties are citizens of

2    - ORDER

different states or that defendants violated federal law. Absent such allegations, a plaintiff must file suit in state court. Here, plaintiff fails to allege or otherwise plead that he and each of the named defendants are citizens of different states. 28 U.S.C. § 1332(a). Plaintiff is a resident of Oregon, and the defendants are Oregon governmental entities and presumably individual Oregon residents. Absent diverse citizenship of the parties, this court may assume jurisdiction only if plaintiff's claims arise under federal law. 28 U.S.C. § 1331.

Plaintiff alleges a claim for false imprisonment. Generally, false imprisonment is a state law tort claim - one that requires notice of an intent to sue under Oregon law. <u>See</u> Or. Rev. Stat. § 30.275. If plaintiff's Amended Complaint alleges only a state law claim for false imprisonment, this court lacks jurisdiction over his claim. However, false imprisonment can also be alleged under the Fourth Amendment of the United States Constitution as an unlawful seizure or the Fourteenth Amendment as a violation of due process. <u>Mackinney v. Nielsen</u>, 69 F.3d 1002, 1009 (9th Cir. 1995) ("We can examine such claims of improper confinement or false imprisonment using either a due process . . . or a Fourth Amendment analysis.").

Here, plaintiff does not allege false imprisonment as an unlawful seizure, because he does not challenge his initial detention for a post-prison supervision violation. <u>Id.</u> Rather, he

3    - ORDER

contends that his detention extended beyond the expiration of his sentence. Therefore, plaintiff must allege a violation of his due process rights in order to state a claim under federal law.

As defendants correctly point out, plaintiff does not allege *any* action taken by Multnomah County in violation of his constitutional rights. Regardless, a county may be held liable under 42 U.S.C. § 1983 only when the execution of its policies, express or implied, has directly caused the alleged constitutional violation. See <u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989); <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Plaintiff alleges no unlawful policy by either Multnomah County or Washington County to support a claim against them.

With respect to the individual defendants, plaintiff alleges that defendant Troutwein "fabricated a false report" instead of doing what an unidentified law "required." Plaintiff alleges no separate act committed by defendant Rob Gordon, only that Gordon "illegally held" plaintiff beyond the expiration of his sentence, presumably as a result of defendant Troutwein's actions. Essentially, plaintiff challenges Troutwein's assessment of his post-prison supervision hold, an action that is arguably protected by absolute or qualified immunity. See <u>Swift v. Calif.</u>, 384 F.3d 1184, 1192 (9th Cir. 2004). Regardless, none of plaintiff's allegations state a claim for violation of plaintiff's due process rights by the named defendants. Plaintiff does not allege that

defendants deprived him of a hearing regarding the parole violation. To the contrary, plaintiff states that he received a Morrissey hearing. Amended Complaint, p. 1; see Morrissey v. Brewer, 408 U.S. 471 (1972) (setting forth the Fourteenth Amendment Due Process Clause's minimum requirements for parole revocation hearings). At most, plaintiff alleges a state law tort claim.

Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, and defendants' Motion to Dismiss (doc. 19) is GRANTED. All pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 14 day of May, 2008.


_____
Ann Aiken
United States District Judge

5    - ORDER